IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUDE S. SALAZAR,

    Plaintiff,

     v.                                        No. CIV 14-0747 MCA/CEG

MAJOR LORENZO SYLVA,
JOHN DOE I, JOHN DOE II,
JANE DOE I, JANE DOE II,
TAOS COUNTY ADULT DETENTION CENTER,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's original and amended civil rights complaints (Docs. 1, 12) (together the "complaint"). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.   *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names a detention center, several John and Jane Does, and a Major Sylva as Defendants.   In the original complaint, Plaintiff alleges that, at the direction of Defendant Sylva, he was placed in administrative segregation.   No disciplinary charges had been made, and Plaintiff was given no explanation or process before he was locked down.   He alleges that he was placed in a one-person cell with another inmate and was thus forced to eat and sleep on the floor.   He began to fear for his life when he learned that his cellmate was charged with first-degree murder.   Plaintiff could not sleep, and when he did, he was awakened by nightmares.   He was released from segregation after 42 days of that placement.   Plaintiff contends that Defendants' actions violated his rights under the First, Eighth, and Fourteenth Amendments.   The complaint seeks damages and certain equitable relief.

Plaintiff makes no allegations against the Doe Defendants or the Detention Center affirmatively linking them to the asserted violations.   *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).   To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation.   *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).   A civil rights action against a state employee may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates supervised by the official.   *See id*.   Furthermore, as the Court of Appeals for the Tenth Circuit has noted, "[d]ismissal against [a detention center is] . . . required because a detention facility is not a person or legally created entity capable of being sued."   *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n. 3 (10th Cir. June 21, 2000), *quoted in White v. Utah*, 5 F. App'x 852, 853

(10th Cir. 2001). The Court will dismiss Plaintiff's claims against the Doe Defendants and Defendant Taos County Adult Detention Center.

IT IS THEREFORE ORDERED that Plaintiff's claims against the Doe Defendants and Defendant Taos County Adult Detention Center are DISMISSED, and the Doe Defendants and Defendant Taos County Adult Detention Center are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint (Docs. 1, 12) and this Order, for Defendant Major Sylva.

_____
UNITED STATES DISTRICT JUDGE